# TAB A –
# COMPLAINT

Case Number: CACE-25-019810 Division: 14
Filing # 238504167 E-Filed 12/29/2025 08:23:00 PM

**IN THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO.**

**VICTORIA LOGRASSO**

**Plaintiff,**

**vs.**

**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. a Foreign Profit Corporation,**

**Defendant.**

______________________________________/

## COMPLAINT

Plaintiff, VICTORIA LOGRASSO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., ("American Express" or "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000, exclusive of attorneys' fees or costs, declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, *et seq.* ("FCRA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of Age, Disability, Retaliation and a Hostile Work Environment.
2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 12/29/2025 08:22:58 PM.****

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Broward County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Broward County, Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida and payment was due in Broward County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice of Right to Sue. Plaintiff is now timely filing suit.

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff was employed by Defendant, American Express, on or about July 23, 2024, as a Travel Consultant within the Platinum Travel and Lifestyle Services department.

13. Plaintiff brought over three decades of experience in luxury travel and retail to the position, with a focus on boutique cruise and vacation travel. Plaintiff's industry knowledge and client service skills made her well-suited for the position, and throughout her training, she remained engaged and responsive to feedback.

14. Plaintiff was hired to work a hybrid schedule, consisting of three days in the office and two days remotely. Plaintiff initially commuted to the Sunrise location; however, due to the difficulty of the commute and her disability, Defendant ultimately allowed her to work remotely.

15. When Plaintiff first began the hybrid schedule, she worked in the office for approximately three weeks during an active training session. Plaintiff was told she did not need to participate in the training since she had previously received it. As a result, Plaintiff was kept off active duty for three weeks while continuing to be paid.

16. Defendant delayed providing Plaintiff with the necessary remote work equipment, which caused her to fall behind her peers and forced her to play catch-up once the systems became available.

17. In or about October 2024, Plaintiff completed the initial phase of training and began on-the-job training ("OJT") using Zoom and live customer calls.

18. Plaintiff's assigned trainer took a two-week vacation during a critical training period, leaving Plaintiff without adequate support and guidance. As a result, Plaintiff fell behind the performance metrics, which required a score below 25.

19. When the trainer returned, Plaintiff was placed on an extended OJT period while other younger, non-disabled employees were already certified. Defendant informed Plaintiff that failure to meet the required metrics could result in termination.

20. Despite the initial setbacks, Plaintiff began improving and meeting the expected metrics. However, after four months of training, Defendant refused to certify Plaintiff, claiming she missed the requirement by a single point.

21. During the trainer's absence, Plaintiff experienced technical problems with the phone system. Instead of being able to place customers on after-call work, the system froze, which was incorrectly classified as "call avoidance."

22. Plaintiff was reassured by her supervisor that she would be certified after completing her OJT; however, Defendant ultimately used the phone system issue as a pretext to deny certification and terminate her employment.

23. Defendant failed to engage in any interactive process to reasonably accommodate Plaintiff's disability, despite having previously recognized it when allowing remote work.

24. Defendant also failed to consider Plaintiff's age (over 40) and extensive professional background before making an adverse employment decision, instead applying an inflexible and pretextual performance policy.

25. On or about November 13, 2024, Defendant terminated Plaintiff's employment.

26. On the date of her termination, Plaintiff had successfully assisted a card member in distress, demonstrating her ability to apply training effectively and deliver quality customer service.
27. The decision to terminate Plaintiff without further evaluation or support reflected discriminatory and retaliatory motives based on Plaintiff's disability and age.
28. Defendant's conduct, including its refusal to provide a reasonable extension, additional training support, or reconsideration of her certification, constitutes unlawful discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992.
29. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.
30. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.
31. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

**COUNT I**
***Discrimination Based on Age in Violation of the FCRA***

32. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-31 above as if set out in full herein.
33. Plaintiff is a member of a protected class under the FCRA, to which Plaintiff is over forty (40) years of age.
34. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

35. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).
36. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.
37. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.
38. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.
39. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.
40. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.
41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.
42. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.
43. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT II**
***Disability Discrimination in Violation of the FCRA***

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her disability and/or perceived disability in violation of the FCRA.

47. Defendants knew, or should have known, of the discrimination.

48. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendants has violated the FCRA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
***Retaliation in Violation of the FCRA***

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

50. Defendant is an employer as that term is used under the applicable statutes referenced above.

51. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

52. The foregoing unlawful acts by Defendant were purposeful.

53. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints with Defendant, and the adverse employment action taken thereafter.

54. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

55. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT IV**
***Hostile Work Environment in Violation of the FCRA***

56. Plaintiff re-adopts each and every factual allegation as stated in 1-31of this Complaint as if set out in full herein.

57. Defendant is an employer as that term is used under the applicable statutes referenced above.

58. The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff's under the FCRA.

59. Plaintiff, as a female over 40 years old with a disability, is within a protected class as envisioned by the FCRA.

60. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and

altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was ultimately constructively terminated.

61. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

62. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

63. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT V**
***Discrimination Based on Age in Violation of the ADEA***

64. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

65. Plaintiff is a member of a protected class under the ADEA, to with Plaintiff is over forty (40) years of age.

66. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

67. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

68. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination based on Plaintiff's age was unlawful but acted in reckless disregard of the law.

69. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

70. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

71. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

72. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to justify the discriminatory nature of their conduct.

73. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

74. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

75. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADEA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the ADEA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**<u>COUNT VI</u>**

***Retaliation in Violation of the ADEA***

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

77. Plaintiff is a member of a protected class under the ADEA.

78. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADEA.

79. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on

the basis of Plaintiff's Age was unlawful but acted in reckless disregard of the law.

80. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

81. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

82. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

83. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT VII
### *Violation of the ADEA: Hostile Work Environment*

84. Plaintiff pursuant to the Age Discrimination in Employment Act, sues Defendant, and re-alleges as set forth herein paragraphs 1-31 of this initial complaint and states:

85. Defendant is an employer as that term is used under the applicable statutes referenced above.

86. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the Age Discrimination in Employment Act.

87. Plaintiff, as a female over the age of 40 (forty), is within a protected class as envisioned by the Age Discrimination in Employment Act.

88. During her employment with Defendant, Plaintiff was subjected to unwelcome harassment.

89. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a Cuban female over the age of 40 (forty). The harassment was decidedly severe, as Defendant had continuously harassed Plaintiff.

90. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse.

91. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

92. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

93. These damages are continuing and are permanent.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant; find that the Defendant indeed violated the ADEA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of ADEA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT VIII**
***Disability Discrimination in Violation of the ADA***

94. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

95. Plaintiff is a member of a protected class under the ADA.

96. Plaintiff was regarded as having or know to have a disability by Defendant and Defendant's agents.

97. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

98. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

99. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

100. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

101. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

102. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

103. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

104. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

105. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IX**
***Retaliation in Violation of the ADA***

100. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 above as if set out in full herein.

101. Defendant is an employer as that term is used under the applicable statutes referenced above.

102. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the ADA.

103. The foregoing unlawful acts by Defendant were purposeful.

104. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints to Defendant, and the adverse employment action taken thereafter.

105. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

106. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the ADA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT X**

***Hostile Work Environment in Violation of the ADA***

107. Plaintiff re-adopts each and every factual allegation as stated in 1-31 of this Complaint as if set out in full herein.

108. Defendant is an employer as that term is used under the applicable statutes referenced above.

109. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the ADA.

110. Plaintiff as a female with a disability, is within a protected class as envisioned by the ADA.

111. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

112. The harassment Plaintiff endured by Plaintiff was predicated on Plaintiff being a Plaintiff as a female with a disability, is within a protected class as envisioned by the ADA.

113. The harassment was decidedly severe, as Defendant had continuously harassed at Plaintiff for her disability.

114. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately terminated.

115. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

116. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

117. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Americans with Disabilities Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 29, 2025

Respectfully submitted,

*/s/: Peter M. Hoogerwoerd*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
**pmh@rgph.law**
***REMER, GEORGES-PIERRE, & HOOGERWOERD, PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone